# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

        Plaintiff,    :    Case No. 1:17-cv-441

                                 District Judge Michael R. Barrett
- vs -                    Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

        Defendants.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This § 1983 action, brought *pro se* by Plaintiff Ryan Hobbs, is before the Court on his Objections (ECF No. 49) to the Magistrate Judge's Report and Recommendations (ECF No. 44) recommending that the Amended Complaint herein be dismissed with prejudice. Defendants Burson, Lindenschmidt, and Downey have filed a joint Response to the Objections (ECF No. 52). Defendants Faulkner, Planas, Bunner, and Sebastianelli have filed a Response jointly with the Honorable Timothy N. Tepe (ECF No. 51). Defendant Ruppert has also filed a Response (ECF No. 50). District Judge Barrett has recommitted the matter for reconsideration in light of the Objections and Responses (ECF No. 55).

Plaintiff's Objections will be considered *seriatim*.

1

**Objection I: Factual Allegations Not Accepted**

Plaintiff first objects that the Report does not accept as true all the factual allegations made in the Amended Complaint, which Plaintiff contends is required in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Objections, ECF No. 49, PageID 1110, citing *Erickson v. Pardue*, 551 U.S. 89 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).)

Current Supreme Court interpretation of Fed. R. Civ. P. 12(b)(6) distinguishes between allegations of historical fact and legal characterizations of those facts. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff repeatedly labels the behavior of Defendants as "fraudulent," but that is a legal conclusion, not an allegation of fact. Also of significance is Fed. R. Civ. P. 9(b) which requires that fraud be pleaded with particularity.

However, the Report is not dependent on disbelieving any factual allegation made by the Plaintiff. Instead, the Report recommends dismissal on **legal** bases: (1) A suit under § 1983 cannot be used to vacate a state criminal judgment; (2) Judge Tepe in his official capacity is not liable to injunctive relief under 42 U.S.C. § 1983 because his actions relating to Plaintiff were not in violation of any declaratory decree and because of the *Rooker-Feldman* doctrine; and (3) Attorney Ronald Ruppert is not liable under § 1983 for his acts in representing Plaintiff because he is not a state actor.

**Objection II: The *Heck v. Humphrey* Bar**

The Report concludes that Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), because they relate to a state court conviction that has not been vacated (ECF No. 44, PageID 1082-85). The Objections argue at length for an exception to *Heck* (ECF No. 49, PageID 1110-13). The case law on this subject is discussed at length in the Report and nothing in the Objections requires revisiting that issue.

**Objection III: "Court Did Not Address if Mason Police, Telecom, Warren Co. Prosecutor Liable under § 1983"**

Plaintiff's third objection states the "Court did not seek to dismiss the complaint against [these] Defendants in the event *Heck* does not apply, it's assumed the lawsuit can go forward." (ECF No. 49, PageID 1113-14.)

The Report recommended that the Amended Complaint be dismissed with prejudice as to these Defendants because of the *Heck v. Humphrey* bar. In the interest of judicial economy, the Report did not provide an alternative analysis of the additional grounds for dismissal put forward by these Defendants, to wit,

- Hobbs' claims, which challenge the propriety of his criminal conviction, are barred by the *Rooker-Feldman* doctrine (Doc. 26, at PageID #312-314; Doc. 38, at PageID #1055-1057);

- Hobbs' official capacity claims against the Prosecutor Defendants are barred by the Eleventh Amendment (Doc. 26, at PageID #314);

- Hobbs fails to plead his § 1983 claim against the Prosecutor Defendants with required particularity (Doc. 26, at PageID #315-316; Doc. 38, at PageID #1058-1059);

3

- Hobbs fails to plead facts stating a claim for official capacity liability under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978) (Doc. 26, at PageID #316-317; Doc. 38, at PageID #1059; *see also supra*);

- Hobbs fails to plead facts alleging that a *Brady* violation even occurred, and therefore fails to state a substantive claim under § 1983 (Doc. 26, at PageID #317-318; Doc. 38, at PageID #1057-1058); and

- The Telecom Defendants are not prosecutors or police officers, and therefore cannot be liable under *Brady* (Doc. 26, at PageID #318-319; Doc. 38, at PageID #1059-1061).

(ECF No. 51, PageID 1130.) If the District Judge rejects the conclusion under *Heck v. Humphrey*, it would be appropriate to recommit the Motion with instructions to analyze these defenses.

**Objection IV: Attorney Ruppert's Liability under § 1983**

The Report recommends dismissing Plaintiff's § 1983 claims against Attorney Ronald Ruppert because in his capacity as defense counsel for Hobbs in the state criminal proceedings, he was not a state actor. (ECF No. 44, PageID 1086-87, relying on *Polk County v. Dodson,* 454 U.S. 312 (1981).)

Hobbs objects:

> The Amended Complaint does in fact state the Attorney was an active participant in the unlawful action, was working in concert with the prosecutor to convict, was not working for his client's interests, executing judgments in prosecutor's favor, advancing the state's arguments, the attorney *knew* the State was wittholding [sic] Brady material and never requested it, causing procedural defaults, continued in the prosecution of Mr. Hobbs, denied my right to jury trial and altogether assistance of counsel, did not oppose the state's case as a tradition role of an attorney is supposed to do, and his false advice caused me to intentionally mislead the trial Court at the colloquy which is stricly [sic] prohibited under the Model Rules of Professional Conduct, and such roles is not the traditional function of a lawyer.

4

(ECF No. 49, PageID 1114, citing Amended Complaint, ECF No. 14, ¶¶ 36-41.) One examines those paragraphs of the Amended Complaint in vain for any allegation of conspiracy. Instead, they contain the common garden-variety complaints of ineffective assistance of trial counsel often made by criminal defendants who voluntarily plead guilty and then suffer from buyer's remorse.[1] But allegations of ineffective assistance of trial counsel or even of malpractice do not amount to an allegation of conspiracy.

In the Objections, Hobbs adverts to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. This Court would have supplemental jurisdiction over a state-law claim of attorney malpractice arising out of the same case or controversy as a viable § 1983 case. But any such claim against Mr. Ruppert is barred by the one-year statute of limitations on such claims under Ohio law.

**Objection V: Liability of Judge Tepe under § 1983**

The Report recommends dismissing § 1983 claims against Judge Tepe for injunctive relief because none of Judge Tepe's orders is in violation of a declaratory judgment. The text of § 1983 expressly prohibits injunctive relief without such a violation. Hobbs makes no objection to that point.

Hobbs does claim in his Objections that Judge Tepe is liable in damages (ECF No. 49, PageID 1116). To the extent Hobbs is making a damages claim against Judge Tepe individually, that claim is barred by absolute judicial immunity. *Bradley v. Fisher,* 80 U.S. 335, 355 (1872);

---

[1] In this case there was little to be remorseful about since Hobbs received a community control sanction on a gross sexual imposition charge.

5

*Pierson v. Ray,* 386 U.S. 547 (1967); and *Stump v. Sparkman*, 435 U.S. 349 (1978). To the extent Hobbs is making a damages claim against Judge Tepe in his official capacity, the claim is barred by the Eleventh Amendment. The Supreme Court has long acknowledged that, generally, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)(citing several cases).

To the extent the Amended Complaint seeks to interfere with the state court criminal judgment, that relief cannot be obtained in a § 1983 action, but only in habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). To the extent the Amended Complaint seeks to have this Court interfere with the enforcement of any state court orders, either declaring Mr. Hobbs a vexatious litigator or dealing with his public records requests, relief is barred under the *Rooker-Feldman* doctrine.

## VI. Mistaken Incorporation of Doc. No. 6 into this Case

The Report concludes that Hobbs's Motion for Relief from Judgment (ECF No. 6) should be denied because it does not state a claim which can be considered on the merits in a § 1983 action (ECF No. 44, PageID 1091-95). Hobbs objects:

> I specifically told this Court and the Defendants in Doc. No. 29, p.2. n.1 that I'm not incorporating Doc. No. 6 into this § 1983 [case], it was to be decided separately of the lawsuit, which has now been re-filed under the habeas case, 1:13-CV-928, *Warden v. Hobbs*, which had original jurisdiction to consider the matters. It is only being attached to this lawsuit for cross reference material, and I do not want this being considered other than to show the history of the fraud upon the lower Courts and this Court and by and through the actions of the Warren Co. Prosecutor they denied my access to the Courts preventing me from brining [sic] up my federal claims in state Court, and should be moot.

6

(ECF No. 49, PageID 1117-18.) Hobbs thus does not object to the Report's conclusion that his Motion for Relief from Judgment cannot be considered on the merits in this case. On that basis, the Motion for Relief from Judgment (ECF No. 6) should be denied.

**Objections VII and VIII**

In his seventh and eighth objections, Hobbs notes that the Report does not discuss municipal liability of any of the entities whose officers were sued in their official capacities or decide the merits of the question whether Defendants conspired to deprive him of his rights. In the interest of judicial economy, the Report recommended dismissal on other bases. If the District Judge rejects that recommendation, it would be appropriate to recommit the case for decision of these questions.

**Objection IX:[2] Refusal to Consider Material Outside the Pleadings**

Hobbs objects to the Magistrate Judge's refusal to consider "the 600+ documents I submitted of the Warren County trial Court record." (ECF No. 49, PageID 1118.) The Objections speak to judicial notice and authentication issues, but then claim a court can consider materials outside the pleadings in deciding a Rule 12(b)(6) motion without converting it to a summary judgment motion. *Id.*, citing *United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003), and *In re Rigel Pharm, Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869 (9th Cir.

---

[2] After Objection VIII, Hobbs has an objection he labels "VIV." The Magistrate Judge assumes he means the next Roman numeral which is IX.

7

2012).  In the latter case, the court of appeals noted it could consider facts of which it may take judicial notice in ruling on appeal of a 12(b)(6) decision, but declined to do so.  *Id*. at 876, 882 fn. 12.  In the prior case the Ninth Circuit held that a court considering facts outside the pleadings on a 12(b)(6) motion must ordinarily convert the motion to one for summary judgment and apply the much more stringent standards that apply to those motions.  *Ritchie*, 342 F.3d at 907-8.  It did allow for the possibility of judicial notice without conversion to summary judgment, but expressly refused to take judicial notice of matter proffered by the United States.  *Id*. at 908-9.  Although Plaintiff has cited only Ninth Circuit precedent, Sixth Circuit law is in accord.  See *Winget v. JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 576 (6th Cir. 2008); *Wyser-Pratte Mgmt. Co. v. Telxon Corp*., 413 F.3d 553, 560 (6th Cir. 2005); *Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999).

In this case, Hobbs filed 600+ pages under cover of a note to the Clerk reading in pertinent part "I've attached a complete criminal Record."  (ECF No. 37, PageID 414.)  The filing has no index, but appears to be in chronological order, beginning with the indictment filed October 29, 2007, and concluding with a June 18, 2018, Notice of the filing of a transcript in the Warren County Common Pleas Court.  At various points it contains obvious hearsay, sometimes double or triple, which is not subject to judicial notice.  At no point did Hobbs move the Court to take judicial notice of all or any part of this filing.

The authority cited above makes it clear that considering matter outside the pleadings on a motion to dismiss under Rule 12(b)(6) is discretionary with the Court.  Furthermore, the taking of judicial notice is required under Fed. R. Evid. 201 only on motion and when the material is submitted in proper form.  The Rules do not envision a "data dump" such as ECF No. 37.  The Magistrate Judge declines to consider that filing in deciding the instant Motion.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again recommends that the Amended Complaint be dismissed with prejudice. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).