**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Ryan D. Hobbs,

    Plaintiff,

v.

Derek Faulkner, *et al.*,

    Defendants.

Case No. 1:17cv441

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the following Orders and Report and Recommendations ("R&R") of the Magistrate Judge:

    Magistrate Judge's July 13, 2018 Order denying as moot Plaintiff's motions (Docs. 6 – 9, 11, 13) and denying Plaintiff's Motion for Entry of Default against Defendant Ruppert (Doc. 31). (Doc. 32).

    Magistrate Judge's September 5, 2018 R&R granting Defendants' Motions to Dismiss (Docs. 19, 25, and 26). (Doc. 44).

    Magistrate Judge's September 17, 2018 R&R denying Plaintiff's Motion in Opposition to the Magistrate Judge's denial of Plaintiff's Motion for Relief from Judgment (Doc. 35). (Doc. 48).

    Magistrate Judge's October 24, 2018 Supplemental Report and Recommendations recommending that the Amended Complaint be dismissed with prejudice. (Doc. 56).

    Magistrate Judge's January 10, 2019 Notation Order denying Plaintiff's Motion for Preservation Order (Doc. 61). (Doc. 62).

    Magistrate Judge's March 1, 2019 Notation Order denying Plaintiff's Motion for Leave to File Amended Complaint (Doc. 68). (Doc. 69).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file

objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff has filed objections (Docs. 49, 57, 65, 70) and Defendants have responded to those objections (Docs. 50, 51, 52, 58, 59, 60, 66, 67, 72, 73, 74).

## I. **BACKGROUND**

Plaintiff brought a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants. In March of 2008, Plaintiff plead guilty to one count of gross sexual imposition and one count of unlawful restraint. Plaintiff was sentenced to community control, but after he violated the terms of his community control, he was sentenced to twelve months' imprisonment. Plaintiff filed a petition for post-conviction relief in state court, in addition to a petition for writ of habeas corpus in this Court. This Court dismissed the habeas case with prejudice. *Hobbs v. Ohio Adult Parole Authority*, Case No. 13cv928 (Docs. 26, 27). Three years later, Plaintiff filed a motion for relief from judgment, which was denied on March 1, 2019. *Hobbs v. Ohio Adult Parole Authority*, Case No. 13cv928 (Doc. 76).

In this matter, Plaintiff claims Defendants violated 42 U.S.C. § 1983 by violating his right to assistance of counsel and right to jury trial; and for violating his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Plaintiff has named the following Defendants in their official capacity: Warren County Assistant Prosecutor Derek Faulkner; former Warren County Assistant Prosecutor Mel Planas ("Prosecutor Defendants"); Mason Police Department Officials Jeff Burson, Paul Lindenschmidt, and Michael O'Downey ("Mason Defendants"); Mike Bunner and Don Sebastianelli, whom Hobbs alleges are the former and current directors of the Warren County Telecommunications Department,

respectively ("Telecom Defendants"); attorney Ronald Ruppert; and Judge Timothy Tepe.

In the Amended Complaint, Plaintiff requests injunctive relief: (1) compelling the Prosecutor Defendants to produce all alleged "exculpatory" material related to Plaintiff's criminal action that is in their possession; (2) compelling the Telecom Defendants to produce all "exculpatory" material in their possession; and (3) generally requiring Judge Tepe to allow Plaintiff to file motions in his state court criminal matter; to consider the "Brady material" that Plaintiff is presenting in support of his motion to withdraw his guilty plea; and to recuse himself from presiding over his criminal action. (Doc. 14, PAGEID# 246-247).

Plaintiff has also filed a Motion for Relief from Judgment (Doc. 6), in which Plaintiff argues that pursuant to Federal Rule of Civil Procedure 60(b), this Court should vacate Plaintiff's state court conviction. In her July 13, 2018 Order, the Magistrate Judge's denied as moot Plaintiff's Motion for Relief from Judgment based on Plaintiff's filing of the Amended Complaint. (Doc. 32).

## II. ANALYSIS

### A. Standard of review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Court notes that throughout his Objections, Plaintiff argues that the Magistrate Judge should recuse himself because the Magistrate Judge is procuring a fraud on the Court. However, Plaintiff has not identified any bias on the part of the Magistrate Judge from extrajudicial sources, but relies solely on the Magistrate Judge's orders in this action. *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir.2003) (explaining that alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.") (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). Therefore, Plaintiff's request for recusal is baseless.

### B. Motion to Dismiss

A complaint may be dismissed according to Federal Rule of Civil Procedure 12(b)(6), for a "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the plaintiff. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me

4

accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Magistrate Judge recommends dismissing Plaintiff's Amended Complaint. Plaintiff objects to the following conclusions of the Magistrate Judge: (1) a suit under § 1983 cannot be used to vacate a state criminal judgment; (2) Attorney Ronald Ruppert is not liable under § 1983 for his acts in representing Plaintiff because he is not a state actor; and (3) the claims against Judge Tepe in his official capacity are barred by the *Rooker-Feldman* doctrine or judicial immunity.

In addition, Plaintiff argues that the Magistrate Judge failed to accept his allegations as true when analyzing his claims. However, while all of the factual allegations in the complaint are taken as true in deciding a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### C. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the plaintiff was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012)).

The Magistrate Judge concluded that Plaintiff's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because they relate to a state court conviction that has not been vacated. The Magistrate Judge recognized that Plaintiff is no longer in custody. The Sixth Circuit has held that "*Heck's* favorable-termination requirement

5

cannot be imposed against § 1983 plaintiffs who lack a habeas option for vindication of their federal rights." *Powers v. Hamilton County Pub. Defenders Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). However, as the Magistrate Judge explained, Plaintiff filed a petition for writ of habeas corpus in this Court, and therefore Plaintiff *Heck's* favorable termination requirement applies to his case. *Accord Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (explaining that a plaintiff cannot seek injunctive relief relating to his or her criminal conviction in a § 1983 action because "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.").

Accordingly, the Magistrate Judge concluded that Plaintiff's claims are not cognizable under § 1983 and should be dismissed for failure to state a claim upon which relief may be granted. Because the Court finds no error in this conclusion, it is unnecessary to address the additional arguments for dismissal of the claims against Mason Police, Telecom Defendants or the Warren County Prosecutor. However, the Court will address the dismissal of the claims Plaintiff has brought against Defendants Ronald Ruppert and Judge Timothy Tepe.

### D. **Defendant Ruppert**

The Magistrate Judge concluded that attorney Ronald Ruppert is not liable under § 1983 for his acts in representing Plaintiff because he is not a state actor.

Ruppert was Plaintiff's private criminal defense attorney in his state court criminal proceedings. In *Polk City v. Dobson*, the U.S. Supreme Court addressed whether public defenders act "under color of state law." 454 U.S. 312, 314 (1981). The Supreme Court

held that public defenders do not act "under color of state law in exercising [their] independent professional judgment in a criminal proceeding . . ." *Id.* at 324. It is also well-settled that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003). Plaintiff argues that this rule of law does not apply because Ruppert conspired with the prosecutors to convict him. However, "conclusory allegations of a conspiracy are not sufficient to state a claim under § 1983." *Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (citing *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir.1996)). As the Magistrate Judge explained, Plaintiff provides detailed allegations regarding the actions of Ruppert, but none of these support his claim of conspiracy.

The Court finds no error in the Magistrate Judge's conclusion that Attorney Ruppert did not act under color of state law, and, thus, no claim under § 1983 can be maintained against him.

### E. <u>Judge Tepe</u>

Plaintiff alleges that Judge Timothy Tepe entered orders which prevented him from successfully vacating his criminal conviction; and failed to review the "Brady material" that he attached to his motion to withdraw his guilty plea.

The Magistrate Judge concluded that the injunctive relief Plaintiff is seeking against Judge Tepe in his official capacity under 42 U.S.C. § 1983 is barred by *Rooker-Feldman* doctrine. In his objections, Plaintiff states that he is bringing his claims against Judge Tepe in his individual capacity. The Magistrate Judge previously addressed this argument in his September 5, 2018 R&R, and concluded that if Judge Tepe is being sued

7

in his individual capacity, he would be absolutely immune. (Doc. 44, PAGEID# 1090). The Court finds no error in this conclusion.

Accordingly, the Magistrate Judge's September 5, 2018 R&R (Doc. 44) and October 24, 2018 Supplemental Report and Recommendations (Doc. 56) are ADOPTED.

### F. Motion for Relief from Judgment

In his September 17, 2018 R&R, the Magistrate Judge denied Plaintiff's Motion in Opposition to the Magistrate Judge's denial of Plaintiff's Motion for Relief from Judgment. (Doc. 48). At issue is the Magistrate Judge's denial of Plaintiff's Motion for Relief from Judgment (Doc. 6). (Doc. 32). However, as explained above, under *Heck v. Humphrey*, to bring a § 1983 action, in which success would "render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486. Because Plaintiff has not done so here, the Magistrate Judge finds no error in the Magistrate Judge's recommended dismissal of Plaintiff's Motion for Relief from Judgment.

### G. Notation Orders

On January 10, 2019, the Magistrate Judge entered a Notation Order denying Plaintiff's Motion for Preservation Order. (Doc. 62). The Magistrate Judge explained any order to preserve evidence would be directed at non-parties and the case is recommended for dismissal. Because the Court adopts the recommendation of dismissal, the Court finds no error in the Magistrate Judge's January 10, 2019 Order.

On March 1, 2019, the Magistrate Judge entered a Notation Order denying Plaintiff's Motion for Leave to File Amended Complaint. In his Motion, Plaintiff seeks to

add claims against the Mason Fire Department and the City of Lebanon. The Magistrate Judge explained that the events alleged in this action occurred far more than two years ago and thus the Amended Complaint is barred by the statute of limitations. (Doc. 69). The statute of limitations for § 1983 claims brought in the State of Ohio is two years. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989) (en banc). Therefore, the Court finds no error in the Magistrate Judge's March 1, 2019 Order denying Plaintiff's Motion for Leave to File Amended Complaint.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. The Magistrate Judge's July 13, 2018 Order denying Plaintiff's motions and denying Plaintiff's Motion for Entry of Default against Defendant Ruppert (Doc. 32) is ADOPTED;

    a. Plaintiff's Motions (Docs. 6 – 9, 11, 13) are DENIED as MOOT;

    b. Plaintiff's Motion for Entry of Default against Defendant Ruppert (Doc. 31) is DENIED.

2. Magistrate Judge's September 5, 2018 R&R (Doc. 44) and October 24, 2018 Supplemental Report and Recommendations (Doc. 56) are ADOPTED.

    a. Defendants' Motions to Dismiss (Docs. 19, 25, and 26) are GRANTED;

3. Magistrate Judge's September 17, 2018 R&R denying Plaintiff's Motion in Opposition to the Magistrate Judge's denial of Plaintiff's Motion for Relief from Judgment (Doc. 48) is ADOPTED;

4. Plaintiff's Objections to the Magistrate Judge's January 10, 2019 Notation Order denying Plaintiff's Motion for Preservation Order (Doc. 61) are OVERRULED.

5. Plaintiff's Objections to the Magistrate Judge's Notation March 1, 2019 Order denying Plaintiff's Motion for Leave to File Amended Complaint (Doc. 69) are OVERRULED.

6. This matter is CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED.**

                                                *s/Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT