# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

          Plaintiff,   :   Case No. 1:17-cv-441

                                   District Judge Michael R. Barrett
- vs -                          Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

          Defendants.   :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case under 42 U.S.C. § 1983 is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 82). Because this is a post-judgment motion, an assigned Magistrate Judge must make a recommended disposition under 28 U.S.C. § 636(b)(3).

As the Magistrate Judge reads the Motion, it seeks to dismiss with prejudice all claims made by Plaintiff in this case against the Honorable Timothy Tepe, Judge of the Warren County Court of Common Pleas. With such a dismissal in place, the doctrine of *res judicata* would bar Plaintiff from filing any other claims against Judge Tepe which had accrued to date. The Magistrate Judge can perceive no prejudice to any of the Defendants from granting this motion. It would essentially give Judge Tepe voluntarily what Judge Barrett awarded him in the judgment.

1

This case is currently pending on appeal to the Sixth Circuit in its Case No. 19-3303. The filing of a timely notice of appeal divests a district court of jurisdiction over any portion of the case until the court of appeals enters its mandate. However, pursuant to Fed.R.Civ.P. 62.1, a district court can enter an indicative ruling that it would grant the motion if the case were remanded.

It is therefore respectfully recommended that the Court enter an indicative ruling advising the Sixth Circuit that it would grant this motion if the case were remanded for that purpose. If this recommendation is adopted, it will be Plaintiff's duty, per Fed.R.Civ.P. 62.1, to advise the Sixth Circuit of that fact.

May 23, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).