# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

                Plaintiff,    :    Case No. 1:17-cv-441

                                    District Judge Michael R. Barrett
- vs -                          Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

                Defendants.    :

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This is an action brought *pro se* by Plaintiff Ryan Hobbs under 42 U.S.C. § 1983. The case is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 85) seeking relief from the Court's final judgment dismissing the case (ECF Nos. 75, 76).

Plaintiff has appealed from the final judgment (Notice of Appeal, ECF No. 77) and the appeal remains pending before the Sixth Circuit in its Case No. 19-3303. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

As Plaintiff acknowledges in the Motion, this Court lacks jurisdiction to decide the instant motion while the appeal is pending (ECF No. 85, PageID 1319). Instead of deciding the Motion, he requests "the Court should certify this Motion and independent action would likewise be granted pursuant to Fed.R.Civ.P. 62.1(a)(3)." *Id.*

This Court has no authority to "certify" a motion to the Court of Appeals. Fed.R.Civ.P. 62.1 gives the Court authority to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

The Magistrate Judge respectfully recommends that the Court defer considering the motion pending disposition of the pending appeal because that may render the motion moot or at least resolve some of the issues Plaintiff raises.

June 28, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).