# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

                Plaintiff,    :    Case No. 1:17-cv-441

                                        District Judge Michael R. Barrett
- vs -                             Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

                Defendants.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (ECF No. 88) to the Magistrate Judge's Report and Recommendations on Motion for Relief from Judgment (ECF No. 86). Defendants have responded to the Objections (ECF Nos. 89, 90) and Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 91).

This case is pending on appeal to the Sixth Circuit (Notice of Appeal, ECF No. 77; 6th Cir. Case No. 19-3303). The Magistrate Judge initially recommended deferring any ruling on Plaintiff's Motion for Relief from Judgment until the appeal is decided (Report, ECF No. 86).

Plaintiff's Objections begin by asserting that "[t]he Court gave no cogent reason why the Court could not rule to grant or deny my Motion for Relief." (ECF No. 88, PageID 1326). To the contrary, the Report begins by citing governing Supreme Court case law to the effect that a notice of appeal deprives this Court of jurisdiction to grant the Motion.

1

Hobbs argues the Court should not defer a ruling because the gravamen of his Motion for Relief is that the judgment is void because it was procured by fraud on the Court committed by the undersigned and/or by the undersigned's collusion with Defendants. He says he cannot raise this issue in the current appeal because he has already filed his brief and is not permitted to amend it to add this claim, which he says "only came to light after an extensive and exhaustive review of all the materials filed in this case," made after he filed his Brief.

Defendants Burson, Lindenschmidt, and Downey argue that the Motion for Relief should be denied. As a second choice, they agree with deferral pending appeal (ECF No. 89). Defendants Faulkmer, Planas, Bunner, Sebastainelli and Tepe adopt the same arguments (ECF No. 90). Having read the motion papers, the Magistrate Judge is persuaded that the better course is to deny the Motion for Relief from Judgment now. Plaintiff, if he wishes, can then appeal and offer the Sixth Circuit the opportunity to consolidate the cases on appeal.

Hobbs posits that he can show by clear and convincing evidence that the undersigned "made knowingly false statements and findings to this Court and in complete reckless disregard to the truth" upon which Judge Barrett relied in entering judgment (Motion, ECF No. 85, PageID 1312).

The Report and Recommendations that Judge Barrett adopted in dismissing the case is found at ECF No. 44. As supposedly fraudulent statements in that Report, Hobbs points to PageID 1084 where the undersigned wrote: "Hobbs, on the other hand has already unsuccessfully litigated his constitutional claims in habeas and lost them. . . *Hobbs* already unsuccessfully invoked that habeas forum: *through his own. fault.* he filed too late."

Hobbs asserts that fraud on the court consists of

> [C]onduct:
> (1) On the part of an officer of the court;

2

> (2) That is directed to the "judicial machinery" itself;
> (3) That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth;
> (4) That is a positive avermcnt or is concealment when one is under a duty to disclose;
> (5) That deceives the court.

(Motion, ECF No. 85, PageID 1313, citing *Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). The Magistrate Judge agrees that the quoted language states the correct standard for proving fraud on a court. He further agrees that he serves as an officer of the Court, and that his Report and Recommendation was directed to the judicial machinery itself in that the purpose of any report and recommendations is for a Magistrate Judge to recommend to a District Judge the decision of a dispositive matter. The Magistrate Judge further agrees that his quoted statement was a positive averment when he was under a duty to make statements of that sort in a report and recommendations. Finally, Judge Barrett accepted the averment as part of adopting the Report and dismissing the case.

However, Hobbs has not shown the statement is false, much less that the undersigned knew it was false. In fact, the undersigned continues to believe in the truth of the statement and Hobbs has not proved it is false. Hobbs certainly did have a habeas corpus case in this Court directed to his 2008 conviction, *Hobbs v. Ohio Adult Parole Authority*, Case No. 1:13-cv-928. That case was indeed dismissed by District Judge Timothy Black as barred by the statute of limitations. Although the decision did not reach the merits of Hobbs' claims, it was "on the merits" in the sense that the dismissal was with prejudice and Hobbs took no appeal.

It is true, as Hobbs asserts, that the undersigned blamed him for being too late in filing the habeas case. But that was not fraudulent. It was an honest evaluation of the facts and Hobbs has not proved it was false or known by the undersigned to be false.

The Report also concluded Hobbs was seeking a second federal forum to litigate constitutional claims relating to his conviction. Hobbs claims this is false and fraudulent, but he repeats in his Motion for Relief his claim that he is entitled to an exception to the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994), that a person cannot litigate constitutional claims arising out of a state criminal conviction in a § 1983 case when the conviction has never been invalidated. As the undersigned pointed out in the Report, that suggested exception appears only in a concurrence of Justice Souter and has never been accepted by the whole Supreme Court.

In sum, Hobbs has not proved that the undersigned made any false statements in the Report, knowing them to be false. On this basis, his Motion for Relief from Judgment should be denied.

There is another independent reason for denial of the Motion: the claim of fraud on the Court is based entirely on facts known by Hobbs when the Report was filed September 5, 2018. He claims he discovered the undersigned's fraud after judgment was entered on March 29, 2019, but he does not cite which facts he discovered then or how he went about finding them. He had ample opportunity to argue these facts, and indeed did argue them before judgment was entered. Rule 60(b) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackerman v. United States*, 340 U.S. 193 (1950). Hobbs could have made all the arguments he now makes when objecting to the Report. His Motion is essentially a reargument of the merits of his case.

Hobbs asserts at the outset of his Motion that this is an independent action under Fed.R.Civ.P. 60(d)(3). It is nothing of the sort. An independent action is just that, a new lawsuit, not the same lawsuit in which the judgment sought to be vacated was filed.

In addition to the accusation of committing fraud on the Court, Hobbs accuses the undersigned of colluding with the Defendants. He offers no evidence of that at all. The

undersigned recommended dismissing the case against the Defendants on several defenses they raised. That is what judges do: they decide disputed cases between the parties. If Hobbs has any proof of collusion in these sense of a corrupt agreement to decide the case in the Defendants' favor despite the merits, he should take it to the United States Attorney and seek an indictment.

**Conclusion**

For the foregoing reasons, the previous recommendation to defer deciding is WITHDRAWN and it is respectfully recommended that Plaintiff's Motion for Relief from Judgment be DENIED. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 19, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).