# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

        Plaintiff,      :      Case No. 1:17-cv-441

                                    District Judge Michael R. Barrett
- vs -                           Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

        Defendants.    :

## DECISION AND ORDER DENYING MOTION TO EXPAND THE RECORD

This case under 42 U.S.C. § 1983 is before the Court on Plaintiff's Motion to Expand the Record (ECF No. 113). Plaintiff notes that this case is pending before the Sixth Circuit under its Case No. 19-3033. He seeks "to expand the record so that the court of appeals may take notice of the state court judicial filings and findings to determine weather [sic] warren county prosecutors comitted [sic] fraud upon the lower state courts, and to seek the granting of an injunction." *Id.* at PageID 1449. As Hobbs avers, he has already filed a motion with the Sixth Circuit for an injunction pending appeal and these documents are in support of that motion (Docket in Case No. 19-3033, ECF No. 21).

The record shows that District Judge Barrett entered final judgment in this case on March 29, 2019 (ECF Nos. 75, 76). Hobbs immediately appealed (ECF No. 77). Then on May 23, 2019, he moved for relief from judgment (ECF Nos. 82, 85, 96). The Magistrate Judge has filed two Reports and Recommendations recommending those motions be denied (ECF Nos. 92, 97). Those Reports remain pending on Hobbs's Objections and have not yet been ruled on by Judge Barrett. As the case

1

stands, the judgment has not been reopened. Nonetheless, on August 29, 2019, Hobbs moved for a preliminary and permanent injunction (ECF No. 100). The Magistrate Judge recommended that Motion be denied because the claims made largely duplicated claims already dismissed and the Sixth Circuit had already decided that those claims lacked an arguable basis in law. (ECF No. 101, citing *Hobbs v. Faulkner*, 6th Cir. Case No. 19-3033 (Order of Aug. 22, 2019)(unreported; copy at ECF No. 98). Hobbs objected (ECF No. 102) and Judge Barrett's has the motion for injunction pending for decision. That is, this Court has not yet decided Hobbs's post-judgment motion for injunctive relief.

Nevertheless, Hobbs has represented to the Sixth Circuit that this Court has denied his Motion for Injunctive Relief (Case No. 19-3033, ECF No. 21, PageID 4). That is simply untrue; the Magistrate Judge has recommended a decision, but Judge Barrett has not yet acted on that recommendation. While a litigant has a right to appeal from the grant or denial of preliminary injunctive relief under 28 U.S.C. § 1292(a)(1), there is no right to appeal to a circuit court from a Magistrate Judge's recommendation on such a motion because, simply put, a Magistrate Judge acting under 28 U.S.C. § 636(b) is not acting as an Article III judge. Hobbs has a right under Article III of the Constitution to a decision on his motion by an Article III judge, but that must in the first instance be a District Judge.

Fed. R. App. P. 8(a)(1) and (2) appear to recognize the authority of the Court of Appeals or one of its judges to grant injunctive relief pending appeal. However, Rule 8(a)(2)(A)(ii) requires the appellant to state that the district court has denied the requested relief. As noted above, Hobbs's statement to this effect to the Sixth Circuit is untrue because Judge Barrett has not yet ruled on the motion for injunctive relief.

It appears Hobbs is seeking to "expand the record" to comply with Fed. R. App. P. 8(a)(2)(B)(iii) which requires him to accompany his motion in the court of appeals with the "relevant parts of the record." But the word "record" there applies to the record that was before the District Court when it decided the matter appealed from. See Fed. R. App. P. 10. Obviously the material attached to the instant Motion was not before this Court when it entered the judgment of dismissal,

else there would be no reason to move to "expand" the record now. To put it another way, an appellant cannot reconstruct the record on appeal to be what he wishes it had been when the District Court decided the matter.

For these reasons, the Motion to Expand the Record is DENIED. If the Magistrate Judge is incorrect in his interpretation of the Federal Rules of Appellate Procedure, the Court of Appeals can easily correct his mistake because the Court has accepted the 467 pages of attachments to the Motion and has them in digital format if the Sixth Circuit wishes them filed.

November 1, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge