# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

                Plaintiff,        :      Case No. 1:17-cv-441

                                            District Judge Michael R. Barrett

   -  vs  -                           Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

                Defendants.       :

---

## DECISION AND ORDER; ORDER TO SHOW CAUSE

---

This case is before the Court on Plaintiff's Motion (ECF No. 124) which threatens the Magistrate Judge with federal criminal prosecution under 18 U.S.C. §§ 241 and 242. Plaintiff is cautioned that threatening a federal judicial officer with criminal prosecution to obtain a benefit – to it, acquiescence in Plaintiff's position in this case – constitutes extortion.

Plaintiff renews his demand that the Magistrate Judge be disqualified. That demand is denied for reasons already given (ECF No. 122). Plaintiff's request for appointment of a special master under Fed.R.Civ.P. 53 is likewise denied.

Plaintiff notes that he has moved the Sixth Circuit to stay briefing on his appeal in this case "until several post-judgment motions were resolved in the district court (Doc. Nos. 85, 96, 100, 115) that could alter the judgment on appeal." (ECF No. 124, PageID 1958). The Court takes judicial notice that that Motion has been denied by the circuit court. (*Hobbs v. Faulkner*, 6th Cir. Case No. 19-3303, Order of Dec. 3, 2019)(unpublished; copy at ECF No. 123).

1

Fed. R. Civ. P. 11(B) provides:

(b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th

Cir. 1988).  The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Plaintiff has insisted in this case on filing multiple motions raising the same claims that the Court has repeatedly rejected.  Because they require a judicial response, these filings waste scarce judicial resources and often require a response from the Defendants as well.  Plaintiff has received a judgment on the merits of his claims and has appealed from that judgment (ECF Nos. 75, 76, 77).  If the judgment is in error, it will be reversed by the Court of Appeals.  Instead of awaiting that decision, Plaintiff has persisted in repeated motions for relief from judgment, none of which have any merit, as well as repeated vilification of the Magistrate Judge for his role in the case.

Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before December 30, 2019, why he should not be sanctioned under Fed.R.Civ.P. 11 for filing the second, third, fourth, and fifth motions for relief from judgment (ECF Nos. 85, 96, 115, and 118).

December 13, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge