**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Ryan D. Hobbs,

    Plaintiff,                                     Case No. 1:17cv441

    v.                                              Judge Michael R. Barrett

Derek Faulkner, *et al.*,

    Defendants.

## ORDER

This matter is before the Court upon the following Orders and Report and Recommendations ("R&R") of the Magistrate Judge:

> Magistrate Judge's June 28, 2019 R&R (Doc. 86) and July 19, 2019 Supplemental R&R (Doc. 92) recommending that Plaintiff's second Motion for Relief from Judgment (Doc. 85) be denied.
>
> Magistrate Judge's August 16, 2019 R&R (Doc. 97) recommending that Plaintiff's third Motion for Relief from Judgment (Doc. 96) be denied.
>
> Magistrate Judge's August 30, 2019 R&R (Doc. 101) recommending that Plaintiff's Motion for Preliminary Injunction (Doc. 100) be denied.
>
> Magistrate Judge's November 13, 2019 R&R (Doc. 116) recommending that Plaintiff's fourth Motion for Relief from Judgment (Doc. 115) be denied.
>
> Magistrate Judge's November 26, 2019 R&R (Doc. 121) recommending that Plaintiff's fifth Motion for Relief from Judgment (Doc. 118) be denied.
>
> Magistrate Judge's Decision and Order (Doc. 122) denying Plaintiff's Motion to Recuse and Strike (Doc. 120).
>
> Magistrate Judge's Decision and Order denying Plaintiff's Motion (Doc. 124); and Order to Show Cause. (Doc. 127).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file

objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff has filed objections (Docs. 88, 93, 99, 102, 119, 125, 126, 127, 133) and Defendants have responded to those objections (Docs. 89, 94, 95, 104, 107, 108).

Also before the Court is Plaintiff's Motion Striking Doc. 127 and By Separate Order and Entry Granting Recusal or Magistrate Judge Merz. (Doc. 129); Plaintiff's Motion for Contempt of Court (Doc. 132); and Motion to Expedite Ruling on Non-Final Post Judgments Motions to Consolidate on Appeal. (Doc. 110).

## I. **BACKGROUND**

Plaintiff brought a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants. Plaintiff claims Defendants violated 42 U.S.C. § 1983 by violating his right to assistance of counsel and right to jury trial; and for violating his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). On March 29, 2019, this Court dismissed Plaintiff's claims and entered judgment. (Docs. 75, 76). Dismissal was, in part, based upon the Court's conclusion that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

On April 4, 2019, Plaintiff filed a Notice of Appeal. (Doc. 77). Plaintiff then filed five separate Motions for Relief from Judgment. (Docs. 82, 85, 96, 115, 118). The central argument in these motions is that Plaintiff is entitled to relief pursuant to Federal Rule of Civil Procedure 60(d) because the judgment entered by this Court is void. Specifically, Plaintiff argues that in dismissing Plaintiff's case, this Court relied upon false statements and findings made by the Magistrate Judge.

Plaintiff also filed a number of other motions, including a Motion for Preliminary

and Permanent Injunction (Doc. 101); Motion to Expedite Ruling on Non-Final Post Judgment Motions to Consolidate on Appeal (Doc. 110); Motion to Strike Doc. 127 and By Separate Order and Entry Granting Recusal of Magistrate Judge Merz (Doc. 129); and Motion for Order to Show Cause (Doc. 132).

The Court will now attempt to address the issues raised by Plaintiff so he may proceed with his appeal he has filed with the Sixth Circuit.

## II. ANALYSIS

### A. Standard of review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Magistrate Judge's June 28, 2019 R&R (Doc. 86) and July 19, 2019 Supplemental R&R (Doc. 92)

In his June 28, 2019 R&R (Doc. 86) and July 19, 2019 Supplemental R&R (Doc. 92), the Magistrate Judge recommends that Plaintiff's Motion for Relief from Judgment (Doc. 85) be denied. The Magistrate Judge explains that while he initially recommended deferring any ruling on the Motion until the appeal is decided, he now recommends denial.

In his objections, Plaintiff accuses the Magistrate Judge of failing to accept all well-

plead factual allegations as true; misstating the law and facts; and refusing to permit Plaintiff to conduct discovery.

The Court notes that the disposition of this case is largely based upon the procedural history of Plaintiff's state court proceedings and federal habeas proceedings. The Court will now summarize those proceedings.

In March of 2008, Plaintiff plead guilty to one count of gross sexual imposition and one count of unlawful restraint. On April 29, 2008, Plaintiff was sentenced to five years of community control, but after he violated the terms of his community control, he was sentenced to twelve months' imprisonment on July 14, 2009. Plaintiff did not file an appeal.

On May 10, 2010, Plaintiff filed a petition for post-conviction relief in state court. On June 3, 2010, the trial court denied relief, and Plaintiff did not file an appeal of that decision. Plaintiff filed the first of three motions to withdraw his guilty plea on August 10, 2012. All three motions were denied. The Warren County Court of Common Pleas barred Plaintiff from further filings without leave of court.

On January 10, 2014, Plaintiff filed a petition for writ of habeas corpus in this Court. *Hobbs v. Ohio Adult Parole Authority*, Case No. 13cv928. Plaintiff's three grounds for relief were based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). However, this Court found that Plaintiff's habeas claim was barred by the statute of limitations found in 28 U.S.C. § 2244(d). *Hobbs v. Warden, Madison Corr. Inst.*, No. 1:13-CV-928, 2015 WL 248332, at *1 (S.D. Ohio Jan. 20, 2015), *report and recommendation adopted sub nom. Hobbs v. Ohio Adult Parole Auth.*, No. 1:13-CV-928, 2015 WL 710340 (S.D. Ohio Feb. 18, 2015). This Court explained that Plaintiff's conviction became final on May 31, 2008—

4

the thirtieth day after he was sentenced because he failed to take a direct appeal to the Twelfth District Court of Appeals. *Id.* at *1. Therefore, the statute of limitations for filing his habeas petition expired on June 2, 2009. *Id.*

In the habeas proceedings, this Court found that Plaintiff was not entitled to equitable tolling of the statute of limitations. This Court explained "[t]he documentary material [Plaintiff] relies on for all three of his Grounds for Relief is material he received from the Mason, Ohio, Police Department and Warren County Prosecutor's Office as the result of public records requests made on April 30, 2012, and May 7, 2012." *Hobbs v. Warden, Madison Corr. Inst.*, No. 1:13-CV-928, 2015 WL 74749, at *3 (S.D. Ohio Jan. 6, 2015). Because the first request for records was not until more than four years after Plaintiff plead guilty, this Court found that Plaintiff had not demonstrated diligence in pursuing his rights. *Id.* at *4. Plaintiff did not appeal this ruling, but over three years later, Plaintiff filed a motion for relief from judgment. This Court denied the motion, and the Sixth Circuit denied a certificate of appealability. *Hobbs v. Ohio Adult Parole Auth.*, No. 19-3229, 2019 WL 2601565, at *3 (6th Cir. June 24, 2019).

This background is somewhat necessary to address the objections Plaintiff raises regarding the disposition of Plaintiff's § 1983 claims in this case. Plaintiff continues to challenge the Court's decision to grant Defendants' motions to dismiss in this case. In evaluating a 12(b)(6) motion to dismiss, a court must take the well-pleaded facts in the complaint as true, but a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Accordingly, Plaintiff's assertion that his federal habeas claim was

5

timely under 28 U.S.C. § 2244(d) cannot stand as a factual allegation which this Court must accept as true. Instead, the conclusion that Plaintiff's federal habeas claim was filed beyond the statute of limitation is a legal conclusion which was decided by this Court in Plaintiff's habeas proceedings. Similarly, this Court's conclusion that Plaintiff's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) is a legal conclusion reached by this Court. (Doc. 75, PAGEID# 1280). Finally, this Court's conclusion that any § 1983 claims Plaintiff seeks to bring against the Mason Fire Department and the City of Lebanon are barred by the statute of limitations is a legal conclusion reached by this Court. (Doc. 75, PAGEID# 1283).[1]

Plaintiff is correct that this Court has not reached the merits of his habeas claim or his § 1983 claim. Plaintiff is also correct that discovery has not been conducted in this case. However, based on the above legal conclusions, this Court need not address the merits of these claims or consider matters beyond the pleadings. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir.1999). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Id.* (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995). To extent that Plaintiff disagrees with the legal determinations made by

---

[1] The Sixth Circuit applies Ohio's two-year personal injury statute of limitations to § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989). While Plaintiff claims that he "discovered" his federal claim in June of 2017 (Doc, 93, PAGEID# 1346), Plaintiff's proposed claims against the Mason Fire Department and the City of Lebanon are founded upon public records request results received in April and May 2012.

6

the Court in this case, he is free to raise them in whatever avenues for appeal he may have.

Seeking to avoid the statute of limitations issues altogether, Plaintiff asserts that his claims are not subject to a statute of limitations because he has brought his claims under Federal Rule of Civil Procedure 60(d)(3). While Plaintiff continually refers to his claim as an "independent action" under this rule, that reference is "not entirely accurate." *See Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262 (6th Cir. 1987). As the Sixth Circuit has explained:

> Rule 60(b)[2] merely provides, in relevant part: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, ... or to set aside a judgment for fraud upon the court." According to Wright and Miller, "[t]he reference to 'independent action' in the saving clause is to what had been historically known simply as an independent action in equity to obtain relief from a judgment." 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237–38 (1973). The "indispensable elements" of the independent action are:
>
> > (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.
>
> *Id.* at 238 (quoting *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)). Relief pursuant to the independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir.1973) (per curiam).

---

[2]As the Sixth Circuit has explained:

In 2007, Rule 60's former Part (b) was separated into Parts (b), (c), (d), and (e) "as part of the general restyling of the Civil Rules to make them more easily understood." Notes on 2007 amdt. to Fed. R. Civ. P. 60. The language of the current Part (d) was formerly contained in Part (b).

*Giasson Aerospace Sci., Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017).

7

*Barrett*, 840 F.2d at 1262–63.

In his habeas proceedings, Plaintiff previously claimed fraud under a Rule 60(d)(3) based on the proceedings his state case. *See Hobbs v. Ohio Adult Parole Auth.*, No. 19-3229, 2019 WL 2601565, at *2 (6th Cir. June 24, 2019). However, Plaintiff now takes a different tack, claiming that the Magistrate Judge assigned to this case has committed a fraud upon this Court.

The elements of fraud upon the court consists of conduct:

1. On the part of an officer of the court;

2. That is directed to the "judicial machinery" itself;

3. That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;

4. That is a positive averment or is concealment when one is under a duty to disclose; and,

5. That deceives the court.

*Demjanjuk v. Petrovsky*, 10 F. 3d 338, 348 (6th Cir. 1993). In support of his claim of fraud upon the Court, Plaintiff accuses the Magistrate Judge of intentionally leaving out important details, contradicting himself, and making false statements. However, as this Court stated at the outset, when objections to a magistrate judge's report and recommendation are received on a dispositive matter, this Court's review is *de novo*. *See* Fed. R. Civ. P. 72(b)(3). This Court has carefully considered each of the Magistrate Judge's reports and recommendations in light of Plaintiff's objections. As explained above, this Court's rulings are largely based upon the procedural history of Plaintiff's cases, which can be gathered from documents filed in the public record.

For all the foregoing reasons, the Court finds no error in the Magistrate Judge's June 28, 2019 R&R (Doc. 86) and July 19, 2019 Supplemental R&R (Doc. 92), and

therefore, Plaintiff's Motion for Relief from Judgment (Doc. 85) is DENIED.

## C. Magistrate Judge's August 16, 2019 R&R (Doc. 97)

In the August 16, 2019 R&R (Doc. 97), the Magistrate Judge recommends denying Plaintiff's Motion for Relief for Judgment under Federal Rule of Civil Procedure 60(d)(1) (Doc. 96). In his objections, Plaintiff raises many of the same arguments made in his previously filed objections.

Rule 60(d)(1) provides that a district court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." The Court has set forth the elements of an independent action above: "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *Barrett*, 840 F.2d at 1263 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973). Relief under the Rule is "available only to prevent a grave miscarriage of justice." *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)). The Sixth Circuit has described the circumstances in which a "grave miscarriage of justice" has warranted an independent action under Rule 60(d):

> In *Beggerly*, the Supreme Court cited *Marshall v. Holmes*, 141 U.S. 589, 596, 12 S.Ct. 62, 35 L.Ed. 870 (1891)—a case in which a forged letter was used to obtain a default judgment—as an example of "a grave miscarriage of justice" sufficient to justify the independent action because the defendant was completely prevented, by fraud, from presenting any defense to the complaint. *Beggerly*, 524 U.S. at 47, 118 S.Ct. 1862. In contrast, the Court found the circumstances of *Beggerly* itself, a quiet-title action, insufficient to establish "a grave miscarriage of justice" because the most that could be

9

charged against the plaintiff (Government) was a failure to make a "full disclosure" of relevant information. *Id.*; s*ee also Computer Leasco, Inc. v. NTP, Inc.*, 194 Fed.Appx. 328, 335 (6th Cir. 2006) (collecting cases in which the circumstances "do not rise to the grave miscarriage of justice standard").

*Mitchell*, 651 F.3d at 597-98.

Here, Plaintiff has had several opportunities to raise his claims under *Brady*. The difficulty for Plaintiff, however, is that when Plaintiff sought to raise his claims, those claims were foreclosed by the statute of limitations or *Heck*. To the extent that Plaintiff argues that this Court is incorrect in ruling in this case that Plaintiff's claims are barred by *Heck*, those are arguments which are to be made on appeal.

The Court finds no error in the Magistrate Judge's August 16, 2019 R&R (Doc. 97); and therefore, Plaintiff's Motion for Relief for Judgment under Federal Rule of Civil Procedure 60(d)(1) (Doc. 96) is DENIED.

### D. **Magistrate Judge's August 30, 2019 R&R (Doc. 101)**

In the August 30, 2019 R&R (Doc. 101) the Magistrate Judge recommends denying Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. 100). The Magistrate Judge explains that Plaintiff's request for injunctive relief lacks an arguable basis in law.

In determining whether to grant or deny a preliminary injunction, this Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc) (internal quotation marks omitted). The four considerations "are factors to be

balanced, not prerequisites that must be met." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1984)). The movant bears the heavy burden of demonstrating his entitlement to this extraordinary remedy. *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Plaintiff has not carried that heavy burden here. As the Magistrate Judge explained, Plaintiff does not have a strong likelihood of success on the merits based on the Sixth Circuit's denial of Plaintiff's request for leave to proceed on appeal *in forma pauperis.* (Doc. 101, PAGEID# 1398). Moreover, as the Sixth Circuit has recently reiterated:

> *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

*Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019), *cert. denied*, No. 19-5945, 2019 WL 6107824 (Nov. 18, 2019). Because Plaintiff was barred by the statute of limitations from pursuing his claims in habeas, and his § 1983 claim is blocked by *Heck*, Plaintiff is unable to proceed on the merits of his claims. The failure to show any likelihood of success on the merits is enough, by itself, to warrant denial of preliminary injunctive relief. *See Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) ("a finding of no likelihood of success 'is usually fatal'") (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)).

The Court finds no error in the Magistrate Judge's August 30, 2019 R&R (Doc. 101); and therefore, Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. 100)

is DENIED.

### E. Magistrate Judge's November 13, 2019 R&R (Doc. 116)

In the November 13, 2019 R&R (Doc. 116), the Magistrate Judge recommends denying Plaintiff's fourth Motion for Relief from Judgment (Doc. 115). The Magistrate Judge explains that it was not error for this Court to enter final judgment in this case without ruling on Plaintiff's Motion for Discovery (Doc. 63) and corresponding objections to the denial of his Motion for Discovery (Doc. 65).

In his objections, Plaintiff again contends that he was entitled to discovery in this case. In support, Plaintiff points to the Magistrate Judge's statement that the statute of limitations defense to Plaintiff's § 1983 claim could not be "adjudicated on the face of the Amended Complaint and must be reserved for later adjudication if the dismissal recommendation [pursuant to *Heck*] is not accepted." (Doc. 44, PAGIED# 1097). However, the Magistrate Judge's recommendation pursuant to *Heck* was accepted, and on March 29, 2019 judgment was entered in this case. (Doc. 75).[3]

While Plaintiff blames Defendants for causing the delay in filing his federal habeas claims by hiding favorable evidence, the issue of the timeliness of Plaintiff's habeas claims was adjudicated in Plaintiff's habeas proceedings. In this case, there is no dispute that Plaintiff's constitutional claims challenge the lawfulness of his conviction and sentence, which have not been overturned or invalidated. Therefore, under *Heck*, Plaintiff's § 1983 claim is barred. No amount of discovery in this matter will change the that result.

---

[3]As a point of clarification, when the Court dismissed Plaintiff's § 1983 complaint under *Heck*, this dismissal was without prejudice. *Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 767 (6th Cir. 2015) ("When courts dismiss claims under *Heck*, they typically do so without prejudice").

The Court finds no error in the Magistrate Judge's November 13, 2019 R&R (Doc. 116); and therefore, Plaintiff's fourth Motion for Relief from Judgment (Doc. 115) is DENIED.

**F.  Magistrate Judge's November 26, 2019 R&R (Doc. 121)**

In the November 26, 2019 R&R (Doc. 121), the Magistrate Judge recommends denying Plaintiff's fifth Motion for Relief from Judgment (Doc. 118).  The Magistrate Judge repeats that it is permissible to dismiss this case without allowing discovery.  In his objections, Plaintiff raises the same arguments which the Court has addressed above. The Court finds it unnecessary to repeat its analysis here.

The Court finds no error in the Magistrate Judge's November 26, 2019 R&R (Doc. 121); and therefore, Plaintiff's fifth Motion for Relief from Judgment (Doc. 118) is DENIED.

**G.  Magistrate Judge's Order (Doc. 122)**

On November 26, 2019, the Magistrate Judge denied Plaintiff's Motion to Recuse and Strike (Doc. 120).  (Doc. 122).  Plaintiff objects to this Order, explaining that the Magistrate Judge should recuse himself because the Magistrate Judge refuses to address the merits of his motions.  (Doc. 126).

"A magistrate judge must recuse himself from hearing and deciding any action where his 'impartiality might reasonably be questioned.'" *Wheat v. Ohio*, 23 F. App'x 441, 443 (6th Cir. 2001) (quoting 28 U.S.C. § 455(a)).  However, critical judicial remarks generally "do not support a bias or partiality challenge." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 548 (6th Cir. 2012) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).  In addition, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings,

or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Wilson v. Warden*, Case No. 10-cv-54, 2010 WL 717273, at *2 (S.D.Ohio Mar. 1, 2010). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir.1988). Nothing in the record would lead this Court to find that the Magistrate Judge should recuse himself from this case. While Plaintiff is dissatisfied with the Magistrate Judge's interpretation of the law, he has not alleged facts which indicate that an objective person would question the Magistrate Judge's impartiality.

The Court finds no error in the Magistrate Judge's November 26, 2019 Order denying Plaintiff's Motion to Recuse and Strike. (Doc. 122). Accordingly, Plaintiff's objections to the Order (Doc. 126) are OVERRULED.

### H. **Magistrate Judge's Order (Doc. 127); Plaintiff's Motion Striking Doc. 127 and By Separate Order and Entry Granting Recusal or Magistrate Judge Merz (Doc. 129); and Plaintiff's Motion for Contempt of Court (Doc. 132)**

On December 13, 2019, the Magistrate Judge denied Plaintiff's Motion (Doc. 124) which again seeks to disqualify the Magistrate Judge. (Doc. 127). The Order also denied Plaintiff's request for the appointment of a special master. (Id.) Finally, the Magistrate Judge ordered Plaintiff to show cause as to why he should not be sanctioned under Federal Rule of Civil Procedure 11 for filing the second, third, fourth and fifth Motions for Relief from Judgment. (Id.)

Plaintiff responded by filing his Motion Striking Doc. 127 and By Separate Order and Entry Granting Recusal or Magistrate Judge Merz. (Doc. 129). Plaintiff has also filed a Motion for Contempt of Court (Doc. 132) which "moves this Court to enter an order to

14

show cause why Magistrate Judge Michael Merz should [not] be held in contempt of court."

The Court finds no basis to disqualify the Magistrate Judge or hold him in contempt of court. A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir.1994) (citing *Holt v. KMI Continental*, Inc., 821 F.Supp. 846, 847 (D.Conn. 1993)). Plaintiff has not carried that burden here. Plaintiff merely objects to rulings that were unfavorable to him, which is not a basis for recusal. *See In re Adams*, 31 F.3d 389, 396 (6th Cir. 1994).

The Court finds no error in the Magistrate Judge's December 13, 2019 Order denying Plaintiff's Motion. (Doc. 127). Accordingly, Plaintiff's objections to the Order (Doc. 133) are OVERRULED; Plaintiff's Motion Striking Doc. 127 and By Separate Order and Entry Granting Recusal or Magistrate Judge Merz (Doc. 129) is DENIED; and Plaintiff's Motion for Contempt of Court (Doc. 132) is DENIED.

### F. Motion to Expedite Ruling (Doc. 110)

In his Motion to Expedite Ruling (Doc. 110), Plaintiff seeks to expedite a ruling on the objections he has filed. The Court has now ruled on those objections along with the multiple motions Plaintiff has filed. Therefore, Plaintiff's Motion to Expedite Ruling (Doc. 110) is DENIED as MOOT.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. The Magistrate Judge's June 28, 2019 R&R (Doc. 86) and July 19, 2019 Supplemental R&R (Doc. 92) are **ADOPTED**;

    a. Accordingly, Plaintiff's second Motion for Relief from Judgment (Doc.

85) is DENIED;

2. The Magistrate Judge's August 16, 2019 R&R (Doc. 97) is **ADOPTED**;

   a. Accordingly, Plaintiff's third Motion for Relief from Judgment (Doc. 96) is DENIED;

3. The Magistrate Judge's August 30, 2019 R&R (Doc. 101) is **ADOPTED**;

   a. Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 100) is DENIED;

4. The Magistrate Judge's November 13, 2019 R&R (Doc. 116) is **ADOPTED**;

   a. Accordingly, Plaintiff's fourth Motion for Relief from Judgment (Doc. 115) is DENIED;

5. The Magistrate Judge's November 26, 2019 R&R (Doc. 121) is **ADOPTED**;

   a. Accordingly, Plaintiff's fifth Motion for Relief from Judgment (Doc. 118) is DENIED;

6. Plaintiff's objections to the Magistrate Judge's Decision and Order (Doc. 122) denying Plaintiff's Motion to Recuse and Strike (Doc. 120) are **OVERRULED**;

7. Plaintiff's objections to the Magistrate Judge's Decision and Order; Order to Show Cause (Doc. 127) are **OVERRULED**;

8. Plaintiff's Motion Striking Doc. 127 and By Separate Order and Entry Granting Recusal or Magistrate Judge Merz (Doc. 129) is **DENIED**;

9. Plaintiff's Motion for Contempt of Court (Doc. 132) is **DENIED**;

10. Plaintiff's Motion to Expedite Ruling (Doc. 110) is **DENIED as MOOT**;

11. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that for the foregoing reasons an appeal of this Order would not be taken in good faith, and therefore Plaintiff is denied leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

12. This matter shall remain **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                         JUDGE MICHAEL R. BARRETT