# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RYAN D. HOBBS,

                Plaintiff,      :      Case No. 1:17-cv-441

                                        District Judge Michael R. Barrett
- vs -                                    Magistrate Judge Michael R. Merz

DEREK FAULKNER, et al.,

                Defendants.      :

## DECISION AND ORDER DENYING SECOND MOTION TO DISCLOSE

       This case is before the Court on Plaintiff's second Motion to Disclose (ECF No. 159). In a prior Motion to Disclose (ECF No. 157), Plaintiff asked the Court "grant an order that this evidence be transferred over to me or my former criminal defense attorney Ron Ruppert[1] for his and my purusal [sic]". *Id.* at PageID 2152. The Magistrate Judge denied the Motion to Disclose because "the Court lacks authority to compel production of documents post-judgment" (Notation Order, ECF No. 158).

       Plaintiff now quibbles "I never requested to compel documents, I requested the Defendants comply with there [sic] continuing legal duty to supply my attorney[2] with all the favorable records they are hiding." (ECF No. 159, PageID 2171.) With respect, an order to a party to disclose

---

[1] Mr. Ruppert did not join in the Motion and is in fact a named Defendant in this case.
[2] Hobbs is not represented by counsel in this case and never has been. He does not identify who "my attorney" might be.

1

documents is the formal and material equivalent of a motion to compel. A party who fails to comply with a court order to turn over documents is subject to contempt sanctions whether the order is labeled "order to disclose" or "order compelling disclosure."

Plaintiff argues Defendants have a continuing legal duty to turn over "favorable records they are hiding." *Id.* In support of that position he cites *Banks v. Dretke*, 540 U.S. 668 (2004), and *Imbler v. Pachtman*, 424 U.S. 409 (1976).

The holding in *Imbler* is that prosecutors have absolute immunity from suit under 42 U.S.C. § 1983 for acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. Such absolute immunity from liability was applicable even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts casting doubt upon the state's testimony. Hobbs quotes no language from *Imbler* that implies the legal duty he suggests and the Magistrate Judge has found none.

*Banks* was a habeas corpus case in which the Supreme Court enforced the rule in *Brady v. Maryland*, 373 U.S. 83 (1963), that the State has a duty to produce to a defendant exculpatory evidence in a criminal case. If the State does not comply with *Brady* and the defendant later learns of the exculpatory evidence, he may use it to support habeas corpus relief. See *Bracy v. Gramley*, 520 U.S. 899 (1997). But nothing in Banks suggests that the duty under *Brady* survives trial and an unsuccessful habeas corpus application, which is the case here.

If Hobbs were to receive permission from the Sixth Circuit under 28 U.S.C. § 2244b) to file a second or successive habeas corpus petition, a demand for discovery of *Brady* material in that case might be cognizable. Hobbs faces substantial barriers to such an application, including the fact that he is no longer in custody on his prior conviction. But he is welcome to try. What he

cannot do is obtain from this Court in the instant finally dismissed case an order to Defendants to turn over documents to him or anyone else.

      The second Motion to Disclose (ECF No. 159) is DENIED.

August 25, 2020.

s/ <i>Michael R. Merz</i><br>United States Magistrate Judge