# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Ryan D. Hobbs,

    Plaintiff,

    v.

Derek Faulkner, *et al*.,

    Defendants.

Case No.  1:17cv441

Judge Michael R. Barrett

## **ORDER**

    This matter is before the Court upon the Magistrate Judge's March 31, 2020 Report and Recommendations ("R&R") recommending that Plaintiff's Motion for Sanctions be denied.  (Doc. 144).

    The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981).  Plaintiff filed timely objections to the R&R.  (Doc. 147).

    This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ.P. 72(a).  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff brought a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants. Plaintiff claims Defendants violated 42 U.S.C. § 1983 by violating his right to assistance of counsel and right to jury trial; and for violating his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). On March 29, 2019, this Court dismissed Plaintiff's claims and entered judgment. (Docs. 75, 76). On April 4, 2019, Plaintiff filed a Notice of Appeal. (Doc. 77). On July 8, 2020, the Sixth Circuit Court of Appeals affirmed this Court's dismissal of Plaintiff's claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (Doc. 155).

Plaintiff filed his Motion for Sanctions while his appeal was still pending before the Sixth Circuit. In the Motion, Plaintiff repeats his allegations of *Brady* violations and requests that in the event that this matter is remanded following appeal, this Court conduct a hearing and order discovery regarding the alleged prosecutorial misconduct. The Magistrate Judge recommends denying Plaintiff's Motion, noting that "Plaintiff seeks sanctions against the Defendants on the basis of characterizations of Defendants' conduct which the Court has repeatedly refused to accept." (Doc. 144, PAGEID# 2072).

In his objections to the R&R, Plaintiff maintains that this Court has a duty to look into misconduct of a party before this Court. Plaintiff maintains that Defendants' unethical conduct is continuing and this Court has a duty to report the conduct to the Ohio State Bar Association.

While Plaintiff insists that his motion for sanctions is separate from his § 1983 claim against Defendants, he does not set forth any specific ongoing acts of misconduct. The only misconduct identified by Plaintiff is the alleged *Brady* violations which form the basis

of his § 1983 claim.  However, as the Sixth Circuit has ruled, those claims are barred from consideration under *Heck*.

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's March 31, 2020 R&R (Doc. 144) to be thorough, well-reasoned, and correct.  Accordingly, the Magistrate Judge's March 31, 2020 R&R (Doc. 144) is **ADOPTED** in its entirety, and Plaintiff's Objections are **OVERRULED**.  It is hereby **ORDERED** that Plaintiff's Motion for Sanctions (Doc. 142) is **DENIED**.  This matter shall remain **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT